UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CEDRIC REID,<br><br>                                    Plaintiff,<br><br>                     -v.-<br><br>THE CITY OF NEW YORK; MARTHA W. KING; CYRUS R. VANCE, JR.; LISA FRANCHINI; SECURUS TECHNOLOGIES,<br><br>                                    Defendants. | 20 Civ. 9243 (KPF)<br><br>**ORDER OF SERVICE** |

KATHERINE POLK FAILLA, District Judge:

Plaintiff, currently incarcerated at Green Meadow Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983.  He alleges that the New York City Department of Correction's policy of allowing prosecutors unfettered access to recordings of detainees' personal calls from Rikers Island for use in criminal proceedings violated his rights, given that the warnings provided to inmates are misleading.  By Order dated January 12, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).

---

[1]  Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas* v. *Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris* v. *Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).  But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits — to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

**A.    Claims Against Defendants Cyrus R. Vance, Jr., and Lisa Franchini**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are "intimately associated with the judicial phase of the criminal process." *Simon* v. *City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler* v. *Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley* v. *Fitzsimmons*, 509

U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it"). Prosecutors are also absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp* v. *Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Defendants Cyrus R. Vance, Jr., and Lisa Franchini are based on actions within the scope of their official duties as prosecutors and associated with the conduct of a criminal trial. Therefore, Plaintiff's claims against Defendants Vance and Franchini are dismissed because he seeks monetary relief against defendants who are immune from suit for such claims.

**B.     Service on Defendants Securus Technologies and King**

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker* v. *Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process … in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered

that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur* v. *Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray* v. *Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Securus Technologies, and New York City Board of Correction (BOC) Executive Director Martha W. King through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

### C.    Service on the City of New York

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that the City of New York waive service of summons.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

4

## CONCLUSION

The Court dismisses Plaintiff's claims against Defendants Cyrus R. Vance, Jr., and Lisa Franchini as these defendants are immune from suit for such claims. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

The Clerk of Court is instructed to complete the USM-285 forms with the addresses for Defendants Securus Technologies and BOC Executive Director Martha King and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is directed to electronically notify the New York City Department of Correction and the New York City Law Department of this Order. The Court requests that Defendant City of New York waive service of summons.

The Clerk of Court is further directed to mail a copy of this Order to Plaintiff's address of record.

SO ORDERED.

Dated:   January 15, 2021
         New York, New York

                                            *Katherine Polk Failla*
                                            _____
                                            KATHERINE POLK FAILLA
                                            United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Securus Technologies
   14651 Dallas Pkwy
   Dallas, TX 75254

2. Martha W. King, Executive Director
   Board of Correction
   1 Centre St.
   Room 2213
   New York, NY 10007