UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CEDRIC REID,

                Plaintiff,

        -v.-

THE CITY OF NEW YORK, MARTHA W. KING, CYRUS R. VANCE, JR., LISA FRANCHINI, SECURUS TECHNOLOGIES, and LAURA S. MELLO.

                Defendants.

20 Civ. 9243 (KPF)

**ORDER OF SERVICE**

KATHERINE POLK FAILLA, District Judge:

    Plaintiff Cedric Reid, currently incarcerated at Sing Sing Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. On November 4, 2020, Plaintiff filed a Complaint against, among others, Defendants Cyrus R. Vance, Jr., and Lisa Franchini, both members of the New York District Attorney's Office (the "DANY Defendants"). (Dkt. #1). By order dated January 12, 2021, the Court granted Plaintiff's request to proceed *in forma pauperis*. On July 13, 2021, the Court dismissed Plaintiff's claims against the DANY Defendants upon finding that both Defendants were immune from suit for alleged acts committed within the scope of their official duties as prosecutors. (Dkt. #9). In his Amended Complaint, docketed on September 1, 2021 (Dkt. #37), Plaintiff brings new claims against the DANY Defendants. The Court has carefully reviewed Plaintiff's articulation of his claims, including in his Amended Complaint and at the pre-motion conference of September 1,

2021 (*see* Minute Entry for September 1, 2021), and finds it appropriate to direct service of summons on the DANY Defendants.

## DISCUSSION

The Prison Litigation Reform Act requires federal courts to screen claims brought by prisoners against governmental entities and those entities' officers or employees. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Second Circuit has "frequently reiterated that *sua sponte* dismissal of *pro se* prisoner petitions which contain non-frivolous claims without requiring service upon respondents or granting leave to amend is disfavored" under the Prison Litigation Reform Act. *McEachin* v. *McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (internal quotation marks and alterations omitted). Pre-service dismissal is inappropriate "whenever a liberal reading of the complaint gives any indication that a valid claim might be stated." *Larkin* v. *Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam).

Plaintiff's Amended Complaint pleads claims against the DANY Defendants that clear the Prison Litigation Reform Act's screening threshold. Plaintiff's Amended Complaint adequately alleges that the DANY Defendants personally engaged in actions that violated his constitutional rights. *See Tangreti* v. *Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (requiring a plaintiff to

plead that an official's actions violated the Constitution). Further, Plaintiff's Amended Complaint sufficiently alleges that the DANY Defendants' actions were investigatory and administrative in nature and thus not shielded by absolute immunity. *See Simon* v. *City of New York*, 727 F.3d 167, 172 (2d Cir. 2013) (stating that prosecutors engaged in administrative or investigatory functions receive qualified, rather than absolute, immunity). Plaintiff's claims against the DANY Defendants are sufficient at this stage of the proceedings to avoid the "draconian" measure of pre-service dismissal. *Benitez* v. *Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990).

Accordingly, the Court believes it is appropriate to direct service of summons and the Amended Complaint on the DANY Defendants. Following the effectuation of service, the Court will await either the DANY Defendants' Answer or pre-motion letter informing the Court of their intent to adhere to the pre-trial motion schedule that the Court will establish in a subsequent Order.

## CONCLUSION

The Court hereby ORDERS the extension of time to serve Defendants Cyrus R. Vance, Jr., and Lisa Franchini until 90 days after the date that a second amended summons is issued for each Defendant.

The Clerk of Court is directed to issue a second amended summons for Cyrus R. Vance, Jr., and Lisa Franchini. The Clerk of Court is further directed to complete the USM-285 form with the below addresses and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Clerk of Court is further directed to mail a copy of this Order to Plaintiff's address of record.

SO ORDERED.

Dated: September 7, 2021
      New York, New York

                                       KATHERINE POLK FAILLA
                                       United States District Judge

## DEFENDANTS' AND SERVICE ADDRESSES

1. Cyrus R. Vance, Jr.
   1 Hogan Place
   New York, New York 10013

2. Lisa Franchini
   1 Hogan Place
   New York, New York 10013