UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CEDRIC REID,

        Plaintiff,    20 Civ. 09243 (KPF)

-against-

THE CITY OF NEW YORK, MARTHA W. KING, CYRUS R. VANCE, JR., LISA FRANCHINI, NEW YORK COUTY DISTRICT ATTORNEY'S OFFICE, SECURUS TECNOLOGIES, and LAURA S. MELLO, in their Official and Individual Capacity,

        Defendants.

---

**REPLY MEMORANDUM IN SUPPORT OF
DA DEFENDANTS' MOTION TO DISMISS**

            ALVIN L. BRAGG, JR..
            District Attorney of New York County
            *as Special Assistant Corporation Counsel*
            One Hogan Place
            New York, NY 10013

By: ROBIN A. McCABE
    Assistant District Attorney
     Of Counsel
    *Attorney for DA Defendants*
    mccaber@dany.nyc.gov
    (212) 335-9243

# TABLE OF CONTENTS

*Page*

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES ..........................................................................................................ii

ARGUMENT...................................................................................................................................1

I. Plaintiff's request to add a second assistant district attorney as a party would be futile for all the same reasons as applicable to the DA defendants; all of whom are entitled to absolute immunity for the issuance of subpoenas in connection with a criminal prosecution............................. ............1

II. As to the named DA Defendants, plaintiff fails to offer any factual or legal support to overcome applicable Eleventh Amendment and absolute immunity bars................................................. ............2

III. Immunities aside, plaintiff fails to state a claim................................................................. ............4

      A. *Plaintiff's claim of conspiracy against former DA Vance* ....................................................4

      B. *Plaintiff's due process and abuse of process claims against ADA Franchini*........................5

IV. Plaintiff's suit remains time-barred even when applying the prison mailbox rule................. ............7

CONCLUSION................................................................................................................................9

TABLE OF AUTHORITIES

**FEDERAL CASES**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 4

*Barbera v. Smith,* 836 F2d 96 (2d Cir. 1987) ........................................................................ 2-3

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 [2007] ................................................................ 4-5

*D'Alessandro v. City of New York*, 713 Fed. Appx. 1 (2d Cir. 2017) ............................... 1-2, 5

*Giraldo v. Kessler*, 694 F.3d 161 (2d Cir. 2012) ...................................................................... 3

*Hill v. Donoghue,* 815 F. Supp. 2d 583 (E.D.N.Y. 2011) ........................................................ 7

*Hood v. Catholic Health Systems, Inc.*, 2020 U.S. Dist. LEXIS 249477 (W.D.N.Y. Sept. 28, 2020) ................................................................................................................................ 8

*Imbler v. Pachtman,* 424 U.S. 409 (1976) ................................................................................ 2

*Jones v. Bock*, 549 U.S. 199 (2007) ......................................................................................... 8

*Martinez v. Golding*, 499 F. Supp. 2d 561 (S.D.N.Y. 2007) .................................................... 4

*Nash v. Kressman*, 2013 U.S. Dist. LEXIS 169089 (SDNY Nov. 27, 2013) ........................... 7

*Ruotolo v. City of New York*, 514 F.3d 184 (2d Cir. 2008) ..................................................... 4

*Shmueli v. City of New York*, 424 F.3d 231 (2d Cir. 2005) ..................................................... 3

*Smith v. Campbell,* 782 F.3d 93 (2d Cir. 2015) ....................................................................... 8

*Veal v. Geraci*, 2021 U.S. Dist. LEXIS 45456 (E.D.N.Y. Mar. 10, 2021) .............................. 8

*Veal v. Geraci,* 23 F.2d 722 (2d Cir. 1997) ........................................................................... 7-8

*Webb v. Goord*, 340 F.3d 105 (2d Cir. 2003) .......................................................................... 5

**STATE CASES**

*Hirschfeld v. City of New York*, 253 A.D.2d 53 (1st Dept 1999) ............................................. 7

*People v. Diaz,* 33 N.Y.3d 92 (2019) ..................................................................................... 5-6

*People v. Johnson,* 27 N.Y.3d 199 (2016) ............................................................................. 4, 6

**FEDERAL: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

First Amendment ........................................................................................................... 8

Fourth Amendment .................................................................................................... 4-6

Sixth Amendment .......................................................................................................... 6

Eleventh Amendment ................................................................................................. 1-2

Fed. R. Civ. P. Rule 15(a)(1)(B) ..................................................................................... 1

Fed. R. Civ. P. Rule 19 .................................................................................................. 1

Fed. R. Civ. P. Rule 25(d) ............................................................................................. 1

Fed. R. Civ. Pro. Rule 60(b) ......................................................................................... 8

**STATE: STATUTES, RULES, REGULATIONS, CONSTITUTIONAL PROVISIONS**

New York Crim. Proc. Law Article 610 ....................................................................... 6

New York Crim. Proc. Law §610.25 ............................................................................. 6

New York Crim. Proc. Law §610.20 ............................................................................. 3

INTRODUCTION

Former District Attorney Cyrus R. Vance, Jr.[1] and Assistant District Attorney Lisa Franchini ("DA Defendants") respectfully submit this reply brief in further support of their motion to dismiss plaintiff *pro se* Cedric Reid's Amended Complaint, and in opposition to further amendment to add a party that would be futile. For the reasons argued in DA Defendants' moving papers and herein, the Amended Complaint is subject to dismissal because plaintiff's allegations are untimely, barred by Eleventh Amendment and absolute immunity, fails to allege personal involvement, and otherwise, fail to state a claim.

ARGUMENT

I. Plaintiff's request to add a second assistant district attorney as a party would be futile for all the same reasons as applicable to the DA defendants; all of whom are entitled to absolute immunity for the issuance of subpoenas in connection with a criminal prosecution.

In his memorandum of law, plaintiff seeks to add an Assistant District Attorney, Amy Hare, as a party pursuant to Fed. R. Civ. P. Rule 19, which deals with joinder of parties. (ECF 68 at 16, 23.) ADA Hare is not currently a party to any suit and thus, Rule 19 is inapplicable. To the extent plaintiff seeks leave to file a second amended complaint to add a party under Fed. R. Civ. P. §15(a)(1)(B), as explained below, such an amendment would be futile since the same defenses available to the current DA defendants would apply to ADA Hare. ADA Hare issued several of the subject subpoenas to the Department of Corrections ("DOC") for plaintiffs non-privileged jail calls; some of which ADA Franchini introduced into evidence at trial via stipulation. In particular, as demonstrated in the DA Defendants moving brief, investigative acts "intimately associated with the judicial phase of the criminal process," such as the issuance of subpoenas during an open grand jury investigation and

---

[1] Cyrus R. Vance, Jr. no longer serves as the New York County District Attorney. Pursuant to Fed. R. Civ. P. Rule 25(d), his successor, Alvin L. Bragg, Jr., should be automatically substituted as a party in any official capacity claim. However, because there is no such viable claim, there is no need to make that substitution here. *See D'Alessandro v. City of New York*, 713 Fed. Appx. 1, FN 9 (2d Cir. 2017).

subsequent prosecution, entitles ADA Hare, as well as the DA Defendants, to the defense of absolute immunity. *Imbler v. Pachtman,* 424 U.S. 409, 430-1 (1976).

II. <u>As to the named DA Defendants, plaintiff fails to offer any factual or legal support to overcome applicable Eleventh Amendment and absolute immunity bars.</u>

The Eleventh Amendment shields DA Defendants from suit in their official capacities relating to their prosecutorial decisions over the course of plaintiff's case. *D'Alessandro v. City of New York*, 713 Fed. Appx. 1, 8 (2d Cir. 2017). Claims against the DA Defendants in their personal capacity are subject to absolute immunity for conduct reasonably related to the criminal prosecution. *Id.* Plaintiff attempts to circumvent these immunity bars by characterizing their conduct as supervisory and investigative in nature; akin to pre-arrest activity by police. (See generally, ECF 68 at 11-24.)

While in certain circumstances, purely investigative or administrative acts by a prosecutor may not be subject to absolute immunity if they take place during a preliminary investigation of criminal activity and involve merely the "supervision of interaction with law enforcement agencies in acquiring evidence which might be used in a prosecution" (ECF 68 at 16-17), plaintiff's reliance on cases that focus on aspects of the "pre-litigation function that a prosecutor performs" is misplaced here. Those decisions are distinguishable on their facts and actually support applicability of absolute immunity. For example, in *Barbera,* the conduct in question took place well-before an arrest or commencement of a criminal prosecution—revealing a cooperating witness to a target's attorney and failure to secure police protection for said witness. *Barbera v. Smith,* 836 F2d 96, 99, 100 (2d Cir. 1987). Significantly, in *Barbera,* the court held that on those facts, the prosecutor was entitled to qualified immunity for performing the first of two aspects of a prosecutor's "pre-litigation function;" the complaint was otherwise dismissed for failure to state a claim on supervisory liability and on due process grounds. *Id.* at 102. It was therefore unnecessary for the court to consider the second aspect of a prosecutor's pre-

litigation function which fits squarely within the facts here and entails "the organization, evaluation, and marshalling of evidence" to ready a case for the grand jury or trial. *Id.* at 100 (citation omitted).

Contrary to plaintiff's characterization, the issuance of a subpoena to the DOC to obtain jail calls is not an "investigative task…normally performed by a detective or police officer." (ECF 68 at 17.) Rather, the authority to issue subpoenas in the name of the People of the State of New York lies squarely with New York State prosecutors and encompasses the investigation stages of a grand jury investigation through the course of a criminal prosecution. New York Crim. Proc. Law ("CPL") §610.20. It is firmly established—and conceded by plaintiff (ECF 68 at 11)—that prosecutors are entitled to absolute immunity from suits arising from such activities that are "closely associated with the conduct of litigation or potential litigation." *Barbera*, 836 F.2d at 99 (citing *Barrett v. United States*, 798 F.2d 565, 571-72 [2d Cir. 1986]); *Shmueli v. City of New York*, 424 F.3d 231, 236, 238 (2d Cir. 2005) (a state prosecutor acting within the scope of her duties in initiating and pursuing a criminal prosecution is immune from a civil suit for damages under both federal and state law) (quotations and citations omitted). Applying the courts' functional approach in determining the nexus between the conduct in question and a prosecutor's litigation responsibilities, there is no question the issuance of subpoenas during the course of an open grand jury investigation and during the course of the prosecution leading up to plaintiff's trial falls squarely within the absolute immunity umbrella for legitimate acts associated with a prosecutor's function as an advocate. *Giraldo v. Kessler*, 694 F.3d 161, 165-67 (2d Cir. 2012) (the functional test for absolute immunity is an objective one) (citations omitted).

As to the former District Attorney, plaintiff merely reiterates in conclusory language that as a supervisory official, DA Vance was involved "up to his eyeballs" and "implicitly authorized…unconstitutional conduct" without alleging any personal involvement whatsoever. (ECF 68 at 18.) Nor does the complaint plead any facts sufficient to support an inference that DA Vance was reckless in managing his subordinates. *Barbera* at 99. And, while plaintiff takes issue with "how"

3

ADA Franchini obtained his jail calls, there is simply no Fourth Amendment violation alleged in procuring those records through legal process, i.e., subpoena. (ECF 68 at 19.) In any event, plaintiff concedes that as a supervisor, DA Vance "may not be held liable under Section 1983 merely because his subordinate committed a constitutional tort." *Id.* Moreover, even if a detainee's jail calls are available for the asking, plaintiff's reliance on *Johnson* (ECF 68 at 12-13), is unavailing since the New York State Court of Appeals found no constitutional violation in "requesting" jail call records. *People v. Johnson,* 27 N.Y.3d 199 (2016). As such, plaintiff has failed to overcome both immunity bars.

III. <u>Immunities aside, plaintiff fails to state a claim.</u>

As set forth in DA Defendants' moving papers, and summarized below, as to the conspiracy, and other counts, plaintiff has failed to state a claim. A complaint can only survive a motion to dismiss if it "states a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 [2007]). Under this standard, plaintiff must allege facts sufficient to "nudge [ ] [his] claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. Moreover, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Put differently, while "legal conclusions can provide the framework of a complaint, they *must be supported by factual allegations,*" if the complaint is to survive a motion to dismiss. *Id.* (emphasis added); *see also Ruotolo v. City of New York*, 514 F.3d 184, 188 (2d Cir. 2008). Even affording a *pro se* plaintiff a liberal interpretation of the amended complaint, it lacks sufficient factual support which cannot be cured by further amendment. As such, it should be dismissed with prejudice.

*A. Plaintiff's claim of conspiracy against former DA Vance*

A conspiracy claim under §1983 requires a plaintiff to sufficiently plead both an agreement to act in concert to inflict an unconstitutional injury and an overt act in furtherance of that goal causing damages. *Martinez v. Golding*, 499 F. Supp. 2d 561, 570 (S.D.N.Y. 2007). As set out in DA defendants'

moving brief, the Amended Complaint fails to allege any facts from which it can plausibly be inferred that DA Vance "conspired" with others to violate the due process rights of "poverty-stricken Blacks, Latins and Whites, whom are detained at the custody of DOC" by virtue of an Operations Order 384-395 (ECF 68 at 28). Nor does he plead any facts showing nexus between the alleged conspiracy and the injury suffered, to wit, forfeiture of a home in the Bronx and respiratory condition relating to "unruly indoor tobacco smoking." (ECF 37 at 16.) Plaintiff essentially concedes insufficiency by stating that "discovery is needed" to sustain this cause of action (ECF 68 at 29). However, even liberal pleading standards "do not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *D'Alessandro*, 713 F. App'x at 10-11.

As alleged, the conspiracy claim is devoid of any supporting factual allegations or personal involvement by DA Vance, and amounts to a legal conclusion which fails to "nudge" his claim across the line from "conceivable" into "plausible" territory. *Twombly*, 550 U.S. at 570; *see also Webb v. Goord*, 340 F.3d 105, 111 (2d Cir. 2003) (conspiracy claim dismissed where plaintiffs had "not alleged, except in the most conclusory fashion, that any [ ] meeting of the minds occurred among any or all of the defendants"). And, as a derivative claim dependent upon the plausible allegation of deprivation of an underlying constitutional right by DA Vance, failure of plaintiff to do so, dooms the conspiracy count.

B. *Plaintiff's due process and abuse of process claims against ADA Franchini*

Throughout plaintiff's submissions, he characterizes the obtaining of his jail calls as a "warrantless search and seizure" and/or "unauthorized disclosure" (ECF 68 at 16, 29), suggesting that a warrant was required. But the New York Court of Appeals has already determined that there is no Fourth Amendment violation in releasing jail calls to prosecution without a warrant. *People v. Diaz*, 33 N.Y.3d 92, 100 (2019). Plaintiff's characterizations are further belied by the record, i.e., exhibits provided by plaintiff—DOC notice of the recording of non-privileged jail calls (ECF 37 at 59; Exh. A) and documentation concerning production by DOC (ECF 68 at 36-38; Exh. 1)—as well as the

subpoenas duces tecum themselves (DA Declaration Exhibits, ECF 54-2). All of which demonstrates that the jail calls were acquired via legal process consistent with constitutional protections, which do not require notice to plaintiff or an underlying "institutional security concern" to properly obtain them. *Diaz*, 33 N.Y.3d at 100. Moreover, the jail calls were introduced at trial—on consent—after an application was made to the trial judge, who was in a position to review their relevance and content, and balance any prejudice concerns against probative value before granting admission. Thus, eliminating any abuse of process or due process concerns alleged by plaintiff. (ECF 68 at 12-13; 20-23.)

Faced with an irrefutable record, plaintiff pivots to attacking the sufficiency of the subpoenas themselves by taking issue with the scope, timing, and production options (ECF 68 at 29-33); objections for which he has no standing to make. (DA Motion, ECF 55 at 29.) Nevertheless, Article 610 of New York's Criminal Procedure Law sets out who may retain subpoenaed evidence and in the case of a trial subpoena, authorizes production thereof on a date other than a trial date.[2] CPL §610.25. By virtue of the case numbers (F2016-111180 and 0078-2017) appearing on the face of the subject subpoenas, it is also apparent that each was issued either during a grand jury investigation or during the pendency of the criminal case (DA Declaration Exhibits, ECF 54-2).

Any alleged subpoena infirmities aside, there is simply no constitutional violation implicated in acquiring non-privileged jail calls through the use of a subpoena duces tecum. *People v. Johnson,* 27 N.Y.3d 199, 204 (2016) (no Sixth Amendment violation; failure as a threshold matter to identify a statutory right violated by DOC); *Diaz*, 33 N.Y.3d at 100 (no reasonable expectation of privacy once

---

[2] While plaintiff has no standing to quash a third-party subpoena *duces tecum*, I note that the trial subpoena (DA Declaration, ECF 54-2, p. 1) issued in ADA Franchini's name and signed by another ADA, on her behalf, does not indicate on its face prior court permission for the in lieu of production option provided therein. In any event, plaintiff and his attorney stipulated to admission of the subpoenaed calls at trial (DA Declaration, ECF 54-3). While plaintiff now claims that he did not actually sign the stipulation (ECF 68 at 24), one need only compare the signatures in his filings (see ECF 37 at 17 and ECF 68 at 34) with the stipulation to see they are one and the same.

detainee calls were lawfully intercepted by DOC; no additional Fourth Amendment protections to prevent DOC from releasing them to DA's Office absent a warrant). The decisional authority relied on by plaintiff, which speak to physical searches of jail *cells,* are all distinguishable on their facts and not applicable here (ECF 68 at 20-21). Moreover, *Hill v. Donoghue* (815 F. Supp. 2d 583 [E.D.N.Y. 2011]), is distinguishable since the jail calls acquired here were not intercepted at the prosecutor's behest, but previously recorded by DOC in accordance with its policy and on notice to plaintiff. (ECF 68 at 21.)

In any event, as noted in the prior section, ADA Franchini is entitled to absolute immunity for acquiring plaintiff's jail calls via subpoena duces tecum for use at trial (as would ADA Hare if she were added as a party). *See, e.g., Hirschfeld v. City of New York*, 253 A.D.2d 53 (1st Dept 1999) (no question ADA issued grand jury subpoena in good faith; ADA entitled to absolute immunity).

IV.  Plaintiff's suit remains time-barred even when applying the prison mailbox rule.

Plaintiff acknowledges that his claims are subject to a three-year statute of limitations; that he was aware that ADA Franchini intended to use several of his jail calls prior to trial on October 21, 2017 (Am. Compl., ECF 37 at 80-82, Exh. F); and, that his complaint was not e-filed until November 4, 2020, more than three years later. (ECF 68 at 25-28.) Nevertheless, plaintiff argues that his suit is timely since, in his view, it did not "fully" accrue until he heard the recordings at trial, on October 27, 2017, and that the operative filing date is October 27, 2020—the date he posted his complaint with prison officials. (ECF 68 at 25, 63; Exh 5.)

As to the operative filing date, plaintiff is indeed correct—the original complaint, filed pro se, is deemed to have been filed on October 27, 2020, the date appearing on the complaint's cover letter, rather than November 4, 2020—the date on which the complaint was filed by the Court. *Nash v. Kressman*, 2013 U.S. Dist. LEXIS 169089, *12-13 (SDNY Nov. 27, 2013). However, that does not cure the timeliness of his suit, since even the arguably latest operative accrual would be the date plaintiff

7

first became *aware* his jail calls had been acquired by ADA Franchini—October 21, 2017, the date of the email exchange with his attorney and ADA Franchini listing the jail calls she intended to use at trial and provided her notes as to the content of each (Am. Compl., ECF 37 at 80-82). *Veal v. Geraci,* 23 F.2d 722, 725 (2d Cir. 1997)[3] (even assuming arguendo that plaintiff did not have actual knowledge until he received the transcripts in 1989, the court concluded that "under traditional principles of agency he had *reason to know* of the pertinent facts in 1988") (emphasis added). There is simply no support for the proposition that accrual took place only after he *listened* to his own calls during the course of the trial, particularly since plaintiff knew or had reason to know of the alleged injury, at the latest, on October 21 2017. *Id.; see also Smith v. Campbell,* 782 F.3d 93, 100 (2d Cir. 2015) (First Amendment retaliation action accrued when tickets issued, even though full scope of injury not known at the time). As laid out in DA defendants' moving papers, the date of plaintiff's conviction is not controlling either. (ECF 55 at 22, 23.)

Nor does plaintiff make any equitable tolling claim to justify his late filing. (ECF 68 at 28.) Here, plaintiff has failed to put forth any factual support, let alone any "extraordinary circumstance," that prevented him from timely filing his suit. Nor has he established that he acted with "reasonable diligence" throughout the period he seeks to toll. *See Hood v. Catholic Health Systems, Inc.*, 2020 U.S. Dist. LEXIS 249477, at *12-13 (W.D.N.Y. Sept. 28, 2020) (equitable tolling "applicable only in rare and exceptional circumstances;" it is plaintiff's burden to establish that she acted with "reasonable diligence" and "extraordinary circumstances" which prevented timely filing of her claim) (quotation and citation omitted).

---

[3] A subsequent Fed. R. Civ. Pro. Rule 60(b) motion based on a change in controlling law is not applicable here. *See Veal v. Geraci*, 2021 U.S. Dist. LEXIS 45456 (E.D.N.Y. Mar. 10, 2021) (under *Heck*, a §1983 claim for fabrication of evidence begins to run when the underlying criminal action is terminated, rather than when plaintiff has knowledge of his claim).

In sum, having failed to file within the three-year statute of limitations or put forth any equitable claim, plaintiff's suit is time-barred and subject to dismissal for failure to state a claim. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

CONCLUSION

For the above reasons, it is respectfully requested that the Court enter an Order pursuant to Rule 12(b)(6) dismissing the Amended Complaint as pled against Cyrus R. Vance, Jr. and Lisa Franchini with prejudice and deny leave to file a Second Amended Complaint to add ADA Amy Hare.

Dated: New York, New York
March 21, 2022

ALVIN L. BRAGG, JR.
District Attorney of New York County,
    *as Special Assistant Corporation Counsel*

One Hogan Place
New York, New York 10013
(212) 335-9000

By: *Robin McCabe*
Robin A. McCabe
Assistant District Attorney, Of Counsel
*Attorney for DA Defendants*