UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CEDRIC REID,

                    Plaintiff,

                    -v.-

THE CITY OF NEW YORK; MARTHA W. KING;
CYRUS R. VANCE, JR.; LISA FRANCHINI; NEW
YORK COUNTY DISTRICT ATTORNEY'S OFFICE;
and LAURA S. MELLO, *in their official and
individual capacities*,

                    Defendants.

---

20 Civ. 9243 (KPF)

**OPINION AND ORDER**

KATHERINE POLK FAILLA, District Judge:

On July 27, 2022, the Court issued an Opinion and Order (the "MTD Order") granting motions filed by two separate groups of defendants to dismiss the amended complaint filed by Plaintiff Cedric Reid.  *See Reid* v. *City of New York*, No. 20 Civ. 9243 (KPF), 2022 WL 2967359 (S.D.N.Y. July 27, 2022). Almost a year later, Plaintiff filed the instant motion for relief from the MTD Order pursuant to Federal Rule of Civil Procedure 60(b)(2), along with a request for leave to file a proposed Second Amended Complaint (the "Proposed SAC") pursuant to Rule 15(a)(2).  In brief, Plaintiff seeks to reopen his case on the grounds of "newly discovered evidence," which Plaintiff incorporates into the Proposed SAC.  For the reasons set forth in the remainder of this Opinion, the Court denies both of Plaintiff's requests.

**BACKGROUND**[1]

The Court assumes familiarity with the factual and procedural histories of this litigation and incorporates by reference the facts set forth in the MTD Order.  (Dkt. #82 (MTD Order)).  The Court summarizes below only the facts essential to the adjudication of the instant motion.

## A.   Factual Background

On February 24, 2017, Plaintiff was indicted by a grand jury on several felony counts.  (*See* McCabe Decl., Ex. 1).  Prior to his jury trial on the charges, between September 16, 2016, and October 31, 2017, Plaintiff was incarcerated at the Vernon C. Bain Correctional Center ("VCBC"), a floating jail barge operated by the New York City Department of Correction ("DOC") in the Bronx. (AC I-II, VI).[2]  While housed at VCBC, Plaintiff made an unspecified number of telephone calls to his friends and family — the recordings of which calls were subpoenaed by prosecutors in the New York County District Attorney's Office (the "DA's Office") on four separate occasions.  (*Id.* ¶¶ 1, 5; *see* McCabe Decl., Ex. 2).  Further, several of these recordings were ultimately introduced at

---

[1]     The facts set forth in this Opinion are drawn primarily from Plaintiff's Amended Complaint (Dkt. #37 ("AC")) and several of the exhibits attached thereto ("AC, Ex. []"), as well as the Declaration of Robin McCabe (Dkt. #54 ("McCabe Decl.")) and several of the exhibits attached thereto ("McCabe Decl., Ex. []"), submitted in connection with the motion to dismiss filed by the DANY Defendants, defined *infra*.  For ease of reference, the Court refers to Plaintiff's memorandum of law in support of his motion for relief from judgment as "Pl. Br." (Dkt. #84), and to the exhibits attached thereto as "Pl. Br., Ex. []".

[2]     The Amended Complaint begins with 13 "clarifications," which recite the basic factual background of Plaintiff's criminal prosecution, listed using Roman numerals.  (*See* AC I-XIII).  The remainder of the allegations in the Amended Complaint are listed using Arabic numerals.  (*See generally* AC 5-14).  The Court adopts the AC's numbering conventions when citing to this pleading.

2

Plaintiff's trial via a stipulation signed by Assistant District Attorney ("ADA")
Lisa Franchini, Plaintiff, and Plaintiff's defense attorney.  (AC ¶ 13; *see* McCabe
Decl., Ex. 3).

The introduction of Plaintiff's recorded calls at his criminal trial formed
the basis for the instant lawsuit.  In the Amended Complaint, Plaintiff alleged
that while he had been informed by DOC that his nonprivileged phone calls
would be recorded for security purposes (AC ¶ 1),[3] DOC — in the absence of
any "institutional security concerns" — freely disclosed such calls to ADA
Franchini (*id.* ¶ 5; *see also id.* ¶ 13).  Plaintiff further alleged that, as a matter
of course, jail call recordings were provided to the DA's Office for use against
criminal defendants in their prosecutions.  (*Id.* ¶ 11(a)-(b); *see also id.* ¶ 6
(alleging that phone recordings are "being released" to prosecutors "in any of
the five" boroughs)).

The Amended Complaint also made several claims related to the allegedly
unauthorized use of Plaintiff's personal identification number ("PIN") by an
unknown fellow detainee during Plaintiff's pretrial detention.  (AC ¶ 10).
According to Plaintiff, the City of New York (the "City") and Martha W. King, the
Executive Director of the City's Board of Correction, ignored this "criminal act,"
while Plaintiff's attempts to notify the Bronx County District Attorney's Office
and the DA's Office about the incident were unsuccessful.  (*Id.*).  Additionally,

---

[3]     Specifically, Plaintiff alleged that he and other pretrial detainees were informed via the
        DOC's Inmate Handbook: "All calls, except for calls with your attorney or other
        privileged calls may be monitored and/or recorded by the [DOC] for security purposes."
        (AC ¶ 1).

Plaintiff alleged that the incident caused him to make additional calls to "alert friends and family," which calls triggered the DA's Office to implement — and DOC to execute — what Plaintiff referred to without further elaboration as "Operations Order 384-395." (*Id.*).

Years after his criminal trial, Plaintiff filed two unsuccessful requests under New York's Freedom of Information Law ("FOIL") for documents related to the foregoing series of events. Plaintiff's first FOIL request, filed on September 8, 2020, sought the "[r]equest made by … [ADA] Franchini, to DOC's Deputy Commissioner for legal matters regarding [Plaintiff's] … recorded calls[.]" (AC ¶ 9(a); *id.*, Ex. B at 65-66 (copy of request)). In response to this request, Plaintiff received a letter from Laura S. Mello, a records access officer, on September 16, 2020, acknowledging receipt of his inquiry and assigning it FOIL #2021FR0404. (*Id.* ¶ 9(a); *see also id.*, Ex. B at 64 (copy of letter)).

Plaintiff's second FOIL request, filed on September 22, 2020, sought the names of officials who were "involved in Operations Order 384-395 prior to its enactment[.]" (AC ¶ 9(b); *id.*, Ex. C at 69-70 (copy of request)). On September 28, 2020, Plaintiff received a letter from Mello confirming receipt of Plaintiff's inquiry and assigning it FOIL #2021FR0477. (*Id.* ¶ 9(b); *see also id.*, Ex. C at 68 (copy of letter)). Thereafter, on September 28, 2020, Plaintiff received another letter from Mello, asking him to explain in detail what he had meant by "[O]perations [O]rder 384-395." (*Id.* ¶ 9(c); *id.*, Ex. D at 72 (copy of letter)). Plaintiff responded to Mello's letter on October 12, 2020, but (to the

Court's knowledge) did not receive any further correspondence from her or anyone else in reply.  (*Id.* ¶ 9(c)-(d); *see also id.*, Ex. D at 74 (copy of response)).

## B.    Procedural Background

Plaintiff filed his initial complaint in this matter on October 27, 2020, accusing two separate groups of defendants — the "DANY Defendants" (comprising the DA's Office, ADA Franchini, and then-District Attorney Cyrus R. Vance, Jr.) and the "City Defendants" (comprising the City, King, and Mello) — of violating several of Plaintiff's constitutional rights.  (Dkt. #1).[4]  On January 15, 2021, the Court dismissed Plaintiff's claims against Vance and Franchini pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a), on the basis that such claims against those Defendants were barred by prosecutorial immunity.  (Dkt. #9).  Plaintiff's subsequent motion for reconsideration of the dismissal (Dkt. #14) was then denied (Dkt. #15).

On June 28, 2021, Plaintiff filed a motion to amend his complaint and a proposed amended complaint; the proposed amended complaint reasserted his claims against Vance and ADA Franchini.  (Dkt. #29).  The Court accepted Plaintiff's proposed amended complaint, now the Amended Complaint (Dkt. #37), at a telephonic conference held on September 1, 2021, and deemed it to

---

[4]     Plaintiff's case was not docketed until November 4, 2020.  (Dkt. #1).  Under the "prisoner mailbox rule," however, "an inmate's papers are deemed filed the day that they are signed and given to prison officials for mailing."  *United States* v. *Resnick*, 451 F. Supp. 3d 262, 269 (S.D.N.Y. 2020); *see also Walker* v. *Jastremski*, 430 F.3d 560, 562 (2d Cir. 2005) (noting that the prisoner mailbox rule applies to civil complaints).  Thus, the Court deems Plaintiff to have filed the complaint on October 27, 2020, the day he handed the complaint to prison authorities to be mailed, rather than on November 4, 2020, the day the Court received it.  Consistent with the prisoner mailbox rule, when referencing a filing made by Plaintiff in this case, the Court refers to the date reflected on the filing rather than the date the filing was docketed.

be the operative pleading in this case (Dkt. #38; *see* Minute Entry for September 1, 2021).  By separate Order dated September 7, 2021, the Court addressed Plaintiff's reasserted claims against Vance and ADA Franchini.  (Dkt. #39).  In contrast with Plaintiff's initial complaint, the Court found that the claims as stated in the Amended Complaint cleared the PLRA's screening threshold.  (*Id.* at 2-3 (citing 28 U.S.C. § 1915A)).

On October 13, 2021, the Court set a briefing schedule for Defendants' anticipated motions to dismiss the Amended Complaint.  (Dkt. #47).  The DANY Defendants and the City Defendants each filed their opening motion and supporting papers on November 15, 2021.  (Dkt. #53-55, 57-58).  Plaintiff filed a brief in opposition to the DANY Defendants' motion on January 14, 2022 (Dkt. #68), and a brief in opposition to the City Defendants' motion on February 7, 2022 (Dkt. #70).  The DANY Defendants and the City Defendants filed their respective replies on March 21, 2022.  (Dkt. #77, 79).

The Court issued its Opinion and Order on Defendants' motions to dismiss on July 27, 2022.  (Dkt. #82).  The MTD Order dismissed all of the claims brought in the Amended Complaint, specifically: (i) a series of claims pursuant to 42 U.S.C. § 1983 against the DANY Defendants and the City Defendants for alleged violations of the First, Fourth, Sixth, and Fourteenth Amendments to the Constitution, as well as two separate claims for (ii) failure to train against the City and (iii) and conspiracy to deprive a class of pretrial detainees of the equal protection of the laws under 42 U.S.C. § 1985(3) against

Vance and the City.  (*See generally id.*).  As a result, this case was closed.  (Dkt. #83).

Almost one year later, on July 25, 2023, Plaintiff filed the instant motion for relief from the MTD Order pursuant to Rule 60(b)(2) and an accompanying request for leave to file a Second Amended Complaint pursuant to Rule 15(a)(2), as well as the Proposed SAC.  (Dkt. #84-85).  On August 24, 2023, the DANY Defendants filed a response in opposition to Plaintiff's motion (Dkt. #89), and on August 31, 2023, the City Defendants followed suit (Dkt. #92).

## DISCUSSION

### A.   Applicable Law

#### 1.   Motion for Relief from a Judgment or Order Under Rule 60(b)(2)

In light of Plaintiff's *pro se* status, the Court interprets his submissions liberally, to raise the strongest arguments they can support.  *See Triestman* v. *Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy* v. *Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (observing that the solicitude afforded to *pro se* litigants can take a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a *pro se* litigant understands what is required of him" (citations omitted)).

Federal Rule of Civil Procedure 60(b) permits "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances[.]"  *Gonzalez* v. *Crosby*, 545 U.S. 524, 528 (2005); *see also* Fed.

7

R. Civ. P. 60(b).  "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments." *Tapper* v. *Hearn*, 833 F.3d 166, 170 (2d Cir. 2016) (quoting *Nemaizer* v. *Baker,* 793 F.2d 58, 61 (2d Cir. 1986)).  Motions for relief from a judgment under Rule 60 are "committed to the sound discretion of the district court," *Stevens* v. *Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation marks omitted), and are generally granted only upon a showing of "exceptional circumstances," *Ruotolo* v. *City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation marks omitted); *see also Nemaizer,* 793 F.2d at 61 (explaining that although Rule 60(b) "should be broadly construed to do substantial justice, ... final judgments should not be lightly reopened" (internal citations and quotation marks omitted)).

Motions under Rule 60(b)(2) specifically provide for relief on the basis of "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)[.]"  Fed. R. Civ. P. 60(b)(2); *see generally Bruzzese* v. *Garland*, No. 21-1448, 2022 WL 1669191, at *2 (2d Cir. May 26, 2022) (summary order), *cert. denied,* 143 S. Ct. 489 (2022).  To prevail on a Rule 60(b)(2) motion, "[t]he movant must demonstrate that [i] the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, [ii] the movant must have been justifiably ignorant of them despite due diligence, [iii] the evidence must be admissible and of such importance that it probably would have changed the outcome, and [iv] the evidence must not be merely cumulative or impeaching." *United States*

v. *Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d Cir. 2001) (internal quotation marks omitted).

Rule 60(c) imposes a deadline on motions made pursuant to Rule 60(b). Fed. R. Civ. P. 60(c).  Specifically, Rule 60(c) requires a party to move for relief from judgment "within a reasonable time." *Id.*  For motions under Rule 60(b)(2), the Second Circuit has interpreted "a reasonable time" as "not more than one year after the judgment was entered" that the movant is challenging. *Warren* v. *Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (internal quotation marks omitted).  Further, "[t]his limitations period is absolute." *Id.* (internal quotation marks omitted).

### 2.    Motion to Amend the Complaint Under Rule 15(a)(2)

"Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a court 'should freely give leave [to amend] when justice so requires.'" *Gorman* v. *Covidien Sales, LLC*, No. 13 Civ. 6486 (KPF), 2014 WL 7404071, at *2 (S.D.N.Y. Dec. 31, 2014) (quoting Fed. R. Civ. P. 15(a)(2)).  In view of this liberal amendment standard, courts in this Circuit typically "allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Id.* (quoting *Block* v. *First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)).

That said, "it remains 'proper to deny leave to replead where there is no merit in the proposed amendments or amendment would be futile.'" *Gorman*, 2014 WL 7404071, at *2 (quoting *Hunt* v. *All. N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998)).  In assessing futility, the court employs a

standard comparable to that used in assessing a motion to dismiss under Rule 12(b)(6). *Milanese* v. *Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (observing that "leave to amend will be denied as futile only if the proposed new claim cannot withstand a 12(b)(6) motion to dismiss"). Ultimately, "it is within the sound discretion of the district court to grant or deny leave to amend[.]" *Broidy Cap. Mgmt. LLC* v. *Benomar*, 944 F.3d 436, 447 (2d Cir. 2019).

## B.   Analysis

### 1.   The Court Denies Plaintiff's Motion for Relief from the MTD Order Under Rule 60(b)(2)

The Court first considers Plaintiff's Rule 60(b)(2) motion for relief from the MTD Order, determination of which motion controls whether the Court will reopen the case. As an initial matter, the Court finds that Plaintiff's motion was made "within a reasonable time" under Rule 60(c). Fed. R. Civ. P. 60(c). Plaintiff's motion was filed on July 25, 2023 (*see* Dkt. #84-85), just under a year after the Court issued the MTD Order on July 27, 2022 (*see* Dkt. #82). Accordingly, Plaintiff's motion was filed "not more than one year" after the entry of the judgment that he is challenging. *Warren*, 219 F.3d at 114.

Moving to the merits of Plaintiff's motion, the Court finds that Plaintiff is not entitled to relief from the MTD Order under Rule 60(b)(2). Plaintiff's argument for relief relies on three pieces of purported "newly discovered evidence," which Plaintiff posits are "Game Changing." (Pl. Br. 1-3). Specifically, Plaintiff cites the following:

- A letter from Stephane L. Plantain, the Assistant General Counsel of DOC's FOIL Office (the "Plantain Letter"), as well the accompanying report identifying

four subpoenas issued by the D.A.'s Office for "phone recordings, phone logs, [and] visitor logs" (the "Matter Report"). (*Id.*, Ex. 1 at 7-16). According to Plaintiff, the Plantain Letter and the Matter Report "suggest that a subpoena of some sort [concerning Plaintiff] was issued by the [DA's Office]" on numerous occasions. (*Id.* at 3).

▪ The Declaration of Robin McCabe, Assistant District Attorney, dated November 15, 2021, submitted in support of the DANY Defendants' motion to dismiss (the "McCabe Declaration"). (*Id.*, Ex. 2 at 17-22; *see also* McCabe Decl.). According to Plaintiff, the McCabe Declaration "conflicts with DOC's FOIL Office information regarding the same so-called subpoenas, where times & dates are concerned." (Pl. Br. 3).

▪ The DOC's Operations Order (the "Operations Order"). (*Id.*, Ex. 3 at 23-32). According to Plaintiff, the Operations Order establishes the "policy and procedures for authorized members of the Department to monitor and record inmate telephone calls." (*Id.* at 4; *id.*, Ex. 3 at 24).

Plaintiff argues that each of these documents, "had the Plaintiff had access to [it]," "would have been raised in his Original Complaint, and or the Amended Complaint." (*Id.* at 5).

The Court finds that none of these exhibits constitutes "newly discovered evidence." In this regard, Plaintiff appears to misunderstand Rule 60(b)(2): he posits that, "had [he] had access to the newly discovered evidence" at the time he filed either his initial or amended pleadings, he would have included such evidence therein. (Pl. Br. 5). Under Rule 60(b)(2), however, as long as the evidence "was 'clearly available' at the time of the judgment" that the movant is challenging — even if it was not available at the time the underlying complaint was filed — it does not constitute "newly discovered evidence" for the purposes

of Rule 60(b)(2).  *Pryor* v. *Berryhill*, 286 F. Supp. 3d 471, 474 (E.D.N.Y. 2017)

(quoting *Whitaker* v. *N.Y. Univ.*, 543 F. App'x 113, 114 (2d Cir. 2013) (summary

order)).

Here, each item proffered by Plaintiff as "newly discovered evidence" was

available to the parties many months before the MTD Order was issued on

July 27, 2022, and certainly no later than Plaintiff's filing of his opposition to

the City Defendants' motion to dismiss.  Indeed, this evidence was actively

considered by the Court in issuing the MTD Order:

- The Plantain Letter and Matter Report were attached as Exhibit 3 to Plaintiff's memorandum of law in opposition to the City Defendants' motion to dismiss, filed February 7, 2022. (*See* Dkt. #70 at 64-69).  Further, an original copy of each of the four subpoenas for "phone recordings, phone logs, [and] visitor logs" that are listed on the Matter Report can be found attached to the McCabe Declaration, submitted in support of the DANY Defendants' motion to dismiss on November 15, 2021. (*See generally* Dkt. #54-2 (copies of subpoenas)).

- The McCabe Declaration was submitted in support of the DANY Defendants' motion to dismiss, filed November 15, 2021.  (*See generally* Dkt. #54).

- The Operations Order was attached as Exhibit 5 to Plaintiff's memorandum of law in opposition to the City Defendants' motion to dismiss, filed February 7, 2022. (Dkt. #70 at 75-84).

Accordingly, Plaintiff could not have been "justifiably ignorant" of this evidence

at the time of the MTD Order, and Plaintiff's Rule 60(b)(2) motion must be

denied.  *See also Whitaker*, 543 F. App'x at 114 ("The evidence proffered in

support of [the plaintiff's] Rule 60(b) motion was clearly available when [the

plaintiff] filed her counseled opposition to [the underlying motion], and therefore was not 'newly discovered.'")

### 2. The Court Denies Plaintiff's Motion to Amend His Complaint Under Rule 15(a)(2)

The Court also denies Plaintiff's request for leave to file a Second Amended Complaint.  Importantly, the Second Circuit has indicated that "[u]nless there is a valid basis to vacate [a] previously entered judgment, it would be contradictory to entertain a motion to amend the [underlying] complaint."  *Nat'l Petrochemical Co. of Iran* v. *M/T Stolt Sheaf*, 930 F.2d 240, 245 (2d Cir. 1991); *accord Metzler Inv. Gmbh* v. *Chipotle Mexican Grill, Inc.*, 970 F.3d 133, 141 (2d Cir. 2020).  However, that Court has also "said in dicta that 'in view of the provision in [R]ule 15(a) that leave to amend shall be freely given when justice so requires,' it might be appropriate in a proper case to take into account the nature of the proposed amendment[s] in deciding whether to vacate the previously entered judgment."  *Ruotolo*, 514 F.3d at 191 (quoting *Nat'l Petrochemical*, 930 F.2d at 245) (alterations adopted).  Accordingly, although the Court has determined that Plaintiff's Rule  60(b)(2) motion fails and that there is no valid basis to reopen this case, for completeness, it briefly considers Plaintiff's proposed amendments to his Amended Complaint.

The Court finds that Plaintiff's proposed amendments to his Amended Complaint would be futile.  *See Gorman*, 2014 WL 7404071, at *2.  *First*, the fact that the Proposed SAC incorporates the "newly discovered evidence" described above does not save it from futility.  The Court acknowledges that such evidence does lend support to certain of Plaintiff's factual claims (*e.g.*,

13

that the DA's Office did, in fact, issue subpoenas for recordings of Plaintiff's jail calls on four separate occasions).  But, at the motion to dismiss stage, a court's task is to "assess[] the legal feasibility of the complaint," not "weigh the evidence that might be offered to support it."  *Glob. Network Commc'ns, Inc.* v. *City of New York*, 458 F.3d 150, 155 (2d Cir. 2006).  Accordingly, the inclusion of evidence that purports to strengthen Plaintiff's factual claims has no bearing on the legal adequacy of the Proposed SAC.

*Second*, the fact that Plaintiff asserts claims in the Proposed SAC against a new Defendant — Amy Hare, a previous ADA assigned to his case — also does not save it from futility.  While such claims did not appear in the Amended Complaint, Plaintiff previously asserted them in his opposition brief to the DANY Defendants' motion to dismiss.  (Dkt. #68 at 5-6).  In that brief, Plaintiff alleged that ADA Hare "was also involved … in a pretrial search and seizure" of Plaintiff's recorded phone calls.  (*Id.* at 5).  The Court's MTD Order, however, declined to "permit Plaintiff to name Hare as a defendant in this case because it finds that any claim against her would be barred by prosecutorial immunity," in accordance with the Court's analysis of Plaintiff's claims against Vance and Franchini.  (MTD Order 20 n. 12 (citing 28 U.S.C. § 1915A(a))).  The Court reaches the same decision here, finding that the claims against ADA Hare in the Proposed SAC concern actions taken by her "as a prosecutor," rendering her "an agent of the State, and therefore immune from suit in her official capacity."  *D'Alessandro* v. *City of New York*, 713 F. App'x 1, 8 (2d Cir. 2017) (summary order).

14

Accordingly, the Court finds that Plaintiff's proposed amendments to his Amended Complaint would be futile, and denies Plaintiff leave to file his Proposed SAC.

## CONCLUSION

Based upon the foregoing analysis, the Court hereby DENIES Plaintiff's motion for relief from the MTD Order pursuant to Federal Rule of Civil Procedure 60(b)(2) and his accompanying request for leave to file a Second Amended Complaint pursuant to Rule 15(a)(2).  The Clerk of Court is directed to terminate the pending motion at docket entry 84, and to mail a copy of this Opinion to Plaintiff at his address of record.

SO ORDERED.

Dated:      February 23, 2024
            New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

15